Hall, J.
1. It was contrary to the provisions of the law for the Academy of Music to act before the amount of its capital stock had been taken and ten per cent of the amount had been paid in, and without a compliance with' this condition, it exceeded its powers in thus commencing and prosecuting its business; its action was ultra vires and void, and any promise or undertaking which induced it to pursue such a course was in contravention of the law and could not be invoked as an estoppel in a suit to recover the amount of stock subscribed. 105 U. S., 143; Hendrix vs. Academy of Music, (Sept. term, 1884).
R. W. Patterson, for plaintiff in error.
Dessau & Bartlett, for defendant.
2. The pleas in this case were so connected as to render them difficult to be separated and treated as independent of those preceding; the pencil numbering on the margin was doubtless for convenience in distinguishing the subjects set up by the pleas; and the verdict found in effect that the principal fact set up in the plea numbered 5 was proved, and under the law given in charge barred a recovery by the plaintoff, and such a verdict-was not without foundation in the pleadings.
(a) A majority of shareholders, acting lawfully and regularly under a corporation in all respects valid, have no power, without the assent of the other stockholders, fo accept a material alteration in the charter ■of the company, enabling it to erect a structure with money raised by mortgaging the entire property instead, of that paid in for stock as originally contemplated, so as to bind the other stockholders who do not concur therein or assent thereto. This would release the other original subscribers to stock from their obligation to pay foi it. Much less has a corporation such power which, though legally chartered, is acting in violation of the rules of law prescribing the performance of certain conditions before they can act in a corporate capacity. Mor. Corp., §§50-55. 414, 13, 315, 354; 27 Miss., 517, 537, 539 ; 40 Ga., 615.
(b) The result in this case was the only one which could legally have been reached, and a verdict for the defendant was required by the •law and evidence.
Judgment affirmed.